## McGee *v.* Potts & Potts.

1. The evidence being conflicting, and that for the plaintiff warranting the verdict, there was no error in refusing a new trial.
2. The charge requested excluded the element of ratification, and moreover was not adapted to the evidence, there being no evidence

that if a dissolution of the partnership was contemplated at the time the goods were ordered, the plaintiffs knew they were to be delivered after the dissolution, the evidence showing that if the plaintiffs knew of any dissolution at all, it was of one which had already taken place.     *Judgment affirmed.*

July 13, 1891.

Evidence. Verdict. Charge of court. Ratification. Partnership. Before Judge MILLER. Crawford superior court. October term, 1890.

Potts & Potts sued J. D. and J. S. McGee, partners, using the firm name of McGee Bros., upon an account. They pleaded the general issue, and J. S. McGee pleaded that at the time the account was made he was not a member of the firm of McGee Bros., and that the goods were not sold to him or to any firm with which he was connected. The jury found for plaintiffs the amount sued for. J. S. McGee moved for a new trial on the grounds that the verdict was contrary to law and evidence, and that the court erred in refusing to charge: "If the goods were bought by J. D. McGee before the dissolution and were to be delivered to him after the dissolution, and plaintiffs knew it, they would not be entitled to recover against J. S. McGee."

The evidence for plaintiffs was: One Dorsett sold the goods for plaintiffs on December 2, 1888. He had no information as to the dissolution of the firm of McGee Bros. They told him they expected to dissolve. He met them the morning he sold the goods to J. D. McGee, and J. D. told him that J. S. was going into business at Musella and would want some liquor. Dorsett remained there until evening, and sold a bill to J. D. McGee to be delivered about January 20th. Dorsett did not come back to that neighborhood until February. J. S. McGee paid Dorsett $181.25 on the account, having at the time the bill of plaintiffs, the same account sued on, in his possession. (This payment was one of the credits upon the account as sued on.) This was at the

store of J. S. at Musella, and J. D. was not there. The bill hereafter mentioned, to which J. D. McGee called Dorsett's attention as being billed to McGee Bros. instead of J. D. McGee, was not the bill sued on but another. Neither J. D. nor J. S. told Dorsett that McGee Bros. had dissolved; they said they were going to dissolve, and Dorsett thought the store J. S. was building at Musella was to be his private enterprise apart from the business of McGee Bros. The goods sued for were shipped in the name of McGee Bros. and delivered to the wagon of J. D. McGee on an order signed by McGee Bros.

The evidence for defendants was: The firm of McGee Bros. dissolved about December 1, 1888. On the day the bill sued on was made the firm had dissolved, and J. D. McGee, who bought the bill of goods, so informed Dorsett and told him that J. S. was building a house at Musella, was going to open there soon and would want some liquors, and Dorsett told J. S. that J. D. had so told him, and sold J. S. a bill of goods to be delivered in January. The fact of the firm's dissolution was discussed by all three of them. A week or two weeks afterwards J. S. bought out a store in Bibb county and needed some liquor, and J. D. agreed to let him have the last three items in the bill bought by him from plaintiffs (the account sued on), and J. S. got this and paid Dorsett for it $181.25. J. D. gave J. S. the bill so J. S. would know how to settle with Dorsett. Some time after December 31, 1888, Dorsett came into the store of J. D. McGee, who got after him about billing goods to McGee Bros. that had been bought by J. D., and Dorsett said it was a mistake of the book-keeper.

SMITH & BLASINGAME, for plaintiff in error.

No appearance contra.